I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 10-20-08

DEPUTY CLERK



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JESSE DELGADO, | Case No. CV 08-6832-DSF (MLG) |
| Petitioner, | MEMORANDUM OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND; ORDER TO SHOW CAUSE |
| v. | |
| T. FELKER, | |
| Respondent. | |

Petitioner, a California state prisoner, filed this petition for writ of habeas corpus on October 17, 2008. The form raises two claims for relief which are printed in such tiny handwriting that they are illegible. The same defect exists as to the recitation of claims Petitioner raised in petitions for writ of habeas corpus in the state courts. (Petition, 4.) The petition itself is defective in that it intersperses claims for relief with portions of the transcript in a manner that renders the petition impossible to understand. Based on the above-noted deficiencies, the petition is DISMISSED with leave to amend.

//

Petitioner may file a "First Amended Petition" not later than 30 days from the date of this order. To that end, the Clerk is instructed to send to petitioner with this order a copy of the latest version of form Civ 69 - Petition for Writ of Habeas Corpus by a Person in State Custody, pen-changed to reflect "First Amended" Petition. All statements made in the petition must be written or typed in script large enough for the reader to see. The memorandum supporting the petition must be separate from any exhibits and transcript pages, so that the court may understand the claims being raised. **Petitioner is advised that if he fails to file a First Amended Petition in accordance with the requirements of this order, the action will be subject to dismissal without further notice.**

In addition, the petition indicates that a state habeas corpus petition was filed in the California Supreme Court on September 4, 2008 and is currently pending. A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has fully exhausted available state remedies. 28 U.S.C. §§ 2254(b) and (c); *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979); *see also Rose v. Lundy*, 455 U.S. 509, 522 (1982). Exhaustion requires that the petitioner's contentions be fairly presented to the highest court of the state. *Carothers*, 594 F.2d at 228; *Allbee v. Cupp*, 716 F.2d 635, 636-637 (9th Cir. 1983). "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights." *Kellotat v. Cupp*, 719 F.2d 1027, 1029 (9th Cir. 1983). The five claims raised in this petition have been presented to the California Supreme Court and are exhausted. However, because Petitioner seeks to raise other claims in the

petition which are still pending in the state courts, the petition is unexhausted.

Where an appeal of a state conviction is pending, a would-be habeas petitioner must await its outcome before his state remedies are exhausted. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *See also Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). This is because a pending state court challenge may result in the reversal of the state convictions, thereby mooting the petition. *Sherwood*, 716 F.2d at 634.

Because petitioner still has proceedings pending in the California courts, apparently relating to issues which he intends on presenting to this court in this petition, he has not yet exhausted his available state remedies. Petitioner must show cause in writing, within 30 days of this date, why this petition should not be dismissed without prejudice.

Dated: October 20, 2008

_____
Marc L. Goldman
United States Magistrate Judge